UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
SUNITA DESWAL and PARS SINGH,

              Plaintiffs,

    - against -

U.S. NATIONAL ASSOCIATION, as TRUSTEE
for MORGAN STANLEY MORTGAGE LOAN
TRUST 2006-16AX MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES 2006-
16AX, IDEAL MORTGAGE BANKERS LTD.
d/b/a LEND AMERICA, GENERAL MOTORS
ACCEPTANCE CORPORATION a/k/a GMAC
MORTGAGE, SAXON MORTGAGE SERVICES,
INC., and OCWEN FINANCIAL CORP.,

              Defendants.
---------------------------------------------------------------- x

MEMORANDUM & ORDER

13 CV 03354 (RJD) (MDG)

DEARIE, District Judge

    Plaintiffs Pars Singh and Sunita Deswal bring this action against defendants for violating federal and state laws in connection with two mortgages for residential property that plaintiffs purchased in 2006. Plaintiffs seek to rescind the mortgages and damages. Defendants Saxon Mortgage Services, Inc. ("Saxon"), U.S. National Association as Trustee for Morgan Stanley Mortgage Loan Trust 2006-16AX Mortgage Pass-Through Certificates, Series 2006-16AX ("U.S. National"), and Ocwen Financial Corporation ("Ocwen") move to dismiss the complaint as time barred pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons below, the motions are granted.

## BACKGROUND

    This is an unusual case. Over the course of seven years plaintiffs invested over $300,000 in a home that they purchased in 2006. They now claim that they are the victims of mortgage

fraud. The Court must determine whether there is any basis for tolling the limitations periods that apply to their claims, which have apparently all expired.

On April 5, 2006, Mr. Pars Singh and his wife Ms. Sunita Deswal ("plaintiffs") purchased residential property located at 236-11 Bentley Road, Rosedale, New York. Compl. ¶ 1. The property cost $675,000. Lend America coordinated plaintiffs' efforts to get mortgage financing and provided them with an attorney. Id. ¶¶ 7, 9. Plaintiffs were first-time home buyers and low-income applicants, but Lend America advised them that they qualified for mortgage financing because of the property's rental value. Id. ¶¶ 6, 13. It also advised plaintiffs that they would not have to pay property taxes for fifteen years. Id. ¶ 22. Plaintiffs purchased the property, and Lend America funded two mortgages—a thirty-year mortgage for $540,000; and a fifteen-year, balloon interest-only mortgage for $135,000. Id. ¶ 21. Plaintiffs allege that Lend America did not provide them with a Truth-in-Lending Disclosure Statement explaining the terms of their loans. Id. ¶¶ 30–32.

Lend America appointed the Mortgage Electronic Registration Systems, Inc. ("MERS") as its "nominee."[1] Pls.' Opp. at 1. MERS is a private electronic database that tracks transfers of the beneficial interest in home loans. If the lender of a loan assigns the beneficial interest to another MERS member, the transfer is only recorded in the MERS database, which is not accessible to non-members. See Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1038–40 (9th Cir. 2011) (providing an overview of MERS). Plaintiffs allege that Lend America subsequently assigned their loan documents to the remaining defendants,

---

[1] A "nominee" is, "[a] person designated to act in place of another, usu[ally] in a very limited way" or "[a] party who holds bare legal title for the benefit of others or who receives and distributes funds for the benefit of others." Black's Law Dictionary 1149 (9th ed. 2009).

but assert that their identities were concealed because the assignments were only recorded on MERS' private database.

Plaintiffs have paid $335,000 towards the mortgage, but are unable to pay the balance. They allege that Lend America provided inflated valuation of the property to obtain higher mortgage funding, engaged in predatory lending and fraud, and failed to provide plaintiffs with required disclosures in violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639, and New York Banking Law § 6-l. Plaintiffs further allege that the remaining defendants, as assignees, are liable for the violations. Defendants U.S. National and Ocwen removed the matter to this court. ECF No. 1. Defendants Saxon,[2] U.S. National, and Ocwen ("defendants") move to dismiss the complaint as time-barred.

## DISCUSSION

The court assumes the parties' familiarity with the well-known standard for deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

Because plaintiffs filed suit over six years after the loan documents were executed, the statutes of limitation for their claims have apparently expired. TILA has a statute of limitations of one year for plaintiffs seeking damages and three years for plaintiffs seeking to

---

[2] The parties disagree about Saxon's role with respect to the loan documents. Saxon argues that it was merely a loan servicer, whereas plaintiffs contend Saxon was an assignee. The parties agree that if Saxon was only a servicer, it is not liable for plaintiffs' claims. See Oral Arg. Tr. 21:24–22:2. Saxon has tendered a sworn affidavit that it was a loan servicer, loan transfers that were recorded on the MERS system, and a 10-K that Morgan Stanley filed with the Securities Exchange Commission. However, it is not appropriate for the court to consider Saxon's evidence for the "truth of their contents" on a motion to dismiss. See Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 425 (2d Cir. 2008). Because the court ultimately decides defendants' motion on other grounds, it does not consider the evidence regarding Saxon's identity or address this argument.

rescind a mortgage.[3] See Van Pier v. Long Island Sav. Bank, 20 F. Supp. 2d 535, 536–37 (S.D.N.Y. 1998) (Rakoff, J.). HOEPA has a one-year statute of limitations.[4] See Johnson v. Scala, No. 05-CV-5529, 2007 WL 2852758, at *4 (S.D.N.Y. Oct. 1, 2007) (Pogue, J.). RESPA violations are subject to a one or three year statute of limitations. See 12 U.S.C. § 2614. Fraud claims are subject to a statute of limitations of six years or two years from the time the plaintiff discovered the fraud, or with reasonable diligence could have discovered it. N.Y. C.P.L.R. 213(8) (McKinney 2004). Finally, New York Banking Law § 6-l has a six-year statute of limitations.[5] LaSalle Bank, N.A. v. Shearon, 19 Misc. 3d 433, 436 (N.Y. Sup. Ct. 2008) (Maltese, J.). The "statute of limitations for closed-end credit transactions such as mortgages begins running on the date on which a plaintiff enters into a loan agreement." Williams v. Aries Fin., LLC, No. 09-CV-1816, 2009 WL 3851675, at *5 (E.D.N.Y. Nov. 18,

---

[3] As explained below, plaintiffs' claims are time-barred. However, plaintiffs' TILA rescission claim also fails because TILA's right of rescission does not apply to residential mortgage transactions. See Grimes v. Fremont Gen. Corp., 785 F. Supp. 2d 269, 284 (S.D.N.Y. 2011) (Karas, J.).

[4] Plaintiffs' HOEPA claim also fails because HOEPA does not cover residential mortgage transactions. See Grimes, 785 F. Supp. 2d at 288.

[5] Plaintiffs argue that New York Banking Law § 6-l does not have a statute of limitations for rescinding loan transactions. Section 6-l provides that "rescission shall be available as a defense without time limitation." N.Y. Banking L. § 6-l(11) (McKinney 2012). Plaintiffs raise violation of Section 6-l as an affirmative claim, so the six-year statute of limitations applies.

The limitations period for plaintiffs' New York Banking Law and Fraud claims are determined by state law, so New York tolling principles apply to them. See Rodriguez v. Village of Island Park, Inc., No. 89-CV-2676, 1991 WL 128568, at *9 (E.D.N.Y. July 2, 1991) (Glasser, J.). Plaintiffs do not point the Court to principles of New York law which would warrant tolling. See Corsello v. Verizon N.Y., Inc., 18 N.Y.3d 777, 789 (2012) ("Plaintiffs here have not alleged an act of deception, separate from the ones for which they sue, on which an equitable estoppel could be based."). "A federal court may toll the limitations period although state law would not provide for it where an overriding federal policy compels tolling." Id. However, as discussed infra, no federal principles compel tolling in this case.

2009) (Gleeson, J.) (internal quotation marks omitted). Plaintiffs entered into their loan agreement on April 5, 2006, so the latest statute of limitation expired on April 5, 2012.

Plaintiffs did not file the instant complaint until April 25, 2013, but argue that the limitation periods should be equitably tolled because of Lend America's fraudulent actions. Pls.' Opp. at 5. Courts will equitably toll statutes of limitations for fraudulent concealment if the following elements are satisfied: "(1) the defendant wrongfully concealed material facts relating to the defendant's wrongdoing; (2) the concealment prevented plaintiff's discovery of the nature of the claim within the limitations period; and (3) plaintiff exercised due diligence in pursuing the discovery of the claim during the period plaintiff seeks to have tolled." Koch v. Christie's Int'l PLC, 699 F.3d 141, 157 (2d Cir. 2012) (internal quotation marks omitted). The "burden of proving that tolling is appropriate rests on the plaintiff." Chapman v. ChoiceCare Long Island Term Disability Plan, 288 F.3d 506, 512 (2d Cir. 2002). In TILA and RESPA cases, "courts have held uniformly that fraudulent conduct <u>beyond the nondisclosure itself is</u> necessary to equitably toll the running of the statute of limitations." Grimes v. Fremont Gen. Corp., 785 F. Supp. 2d 269, 286 (S.D.N.Y. 2011) (Karas, J.) ("[I]f the very nondisclosure or misrepresentation that gave rise to the TILA violation also tolled the statute of limitations, the effect of the statute of limitations would be nullified.") (internal quotation marks omitted). Indeed, "fraudulent concealment . . . denotes efforts by the defendant—above and beyond the wrongdoing upon which the plaintiff's claim is founded—to prevent the plaintiff from suing in time." McAnaney v. Astoria Fin. Corp., No. 04-CV-1101, 2007 WL 2702348, at *9 (E.D.N.Y. Sept. 12, 2007) (Bianco, J.) (quoting Cada v. Baxter Healthcare Corp., 920 F.2d 446, 452 (7th Cir. 1990)), <u>partially reconsidered on other</u>

grounds, McAnaney v. Astoria Fin. Corp., No. 04-CV-1101, 2008 WL 222524 (E.D.N.Y. Jan. 25, 2008) (Bianco, J.).

Plaintiffs advance two arguments in support of equitable tolling: first, they assert that Lend America's fraudulent behavior in executing plaintiffs' loan documents warrants tolling. See Pls.' Opp. at 17–20. Second, they argue that defendants actively concealed the owners of the loan documents by using MERS' private recording system, thereby preventing plaintiffs from filing a timely complaint against the proper parties. See id. at 7.

Plaintiffs' first argument incorrectly equates fraud with fraudulent concealment. Lend America's actions in executing plaintiffs' loan documents is the wrongdoing upon which plaintiffs' claims are founded and, if proven, constitute fraud—not fraudulent concealment. See McAnaney, 2007 WL 2702348, at *9. As plaintiffs do not allege that Lend America concealed any facts to prevent plaintiffs from discovering the alleged violations after the loan documents were executed, this is not a proper basis for tolling. See Grimes, 785 F. Supp. 2d at 286–87; Futterman v. Wash. Mut. Bank FA, No. 10-CV-01002, 2010 WL 5067650, at *1–2 (N.D.N.Y. Dec. 6, 2010) (Kahn, J.).

Plaintiffs' second argument also fails. Although defendants' use of MERS could have potentially prevented plaintiffs from discovering the subsequent owners of their debt, plaintiffs do not allege that the defendants' use of MERS prevented them from discerning the nature of their claims. Moreover, plaintiffs did not file a claim against <u>any</u> entity until well after the final statute of limitations period expired. They knew that Lend America was the original lender and had no obstacle to filing a timely claim against it.[6] As the Second Circuit

---

[6] Plaintiffs conceded at oral argument that they "ma[de] mortgage payments" to all the defendants in this case and that they did not act sooner because they were "attempting to pay the mortgage." Oral Arg. Tr. 5:23–6:5.

has noted, "[r]easonable diligence is a prerequisite to the applicability of equitable tolling." Koch, 699 F.3d at 157. Plaintiffs' failure to file a claim against Lend America, the listed entity on the mortgages, within six years of signing the loan documents demonstrates that they did not exercise the required diligence for tolling.

On the question of whether plaintiffs should be granted leave to amend their complaint, the complaint on its face is untimely. Moreover, none of the information proffered in response to defendants' motions to dismiss, nor any of plaintiffs' statements during oral argument, if pled, support plaintiffs' argument that equitable tolling can rescue their complaint. Therefore, leave to amend the complaint is not appropriate in this case.

## CONCLUSION

As a result of the foregoing, defendants' motions to dismiss are granted with prejudice. SO ORDERED.

Dated:     Brooklyn, New York

May 14, 2014

/s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge