UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
SUNITA DESWAL and PARS SINGH,

                Plaintiffs,

                - against -

U.S. NATIONAL ASSOCIATION, as TRUSTEE
for MORGAN STANLEY MORTGAGE LOAN
TRUST 2006-16AX MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES 2006-
16AX, IDEAL MORTGAGE BANKERS LTD.
d/b/a LEND AMERICA, GENERAL MOTORS
ACCEPTANCE CORPORATION a/k/a GMAC
MORTGAGE, SAXON MORTGAGE SERVICES,
INC., and OCWEN FINANCIAL CORP.,

                Defendants.
----------------------------------------------------------------- x

MEMORANDUM & ORDER

13 CV 03354 (RJD) (MDG)

DEARIE, District Judge.

        Plaintiffs took an erroneous appeal of my Order granting a motion to dismiss made by some, but not all, of the defendants. Plaintiffs now ask that I give them permission to file for default judgment against the remaining defendants so as to make the Order a final judgment or enter a judgment pursuant to Federal Rule of Civil Procedure 54(b). We have learned only recently that the non-appearing defendants are currently in bankruptcy proceedings and that an automatic stay has been in place for some time. However, it is clear that the statute of limitations has expired for plaintiffs' claims against them as well. Plaintiffs' request to file for default judgment against the non-appearing defendants is denied, as I choose to sua sponte dismiss the claims. As this will render my original Order a final judgment, there is no need to certify it as final under Rule 54(b).

        Plaintiffs Sunita Deswal and Pars Singh brought an action against multiple defendants for violating federal and state laws in connection with two mortgages for residential property they

purchased in 2006. Defendants U.S. National Association as Trustee for Morgan Stanley Mortgage Loan Trust 2006-16AX Mortgage Pass-Through Certificates, Series 2006-16AX ("U.S. National"), Saxon Mortgage Services, Inc. ("Saxon"), and Ocwen Financial Corporation ("Ocwen") filed motions to dismiss. See ECF Nos. 15, 18. On May 14, 2014, I granted defendants' motions because the statute of limitations for plaintiffs' claims had expired, and no equitable tolling provisions applied. See ECF No. 31. The remaining two defendants, Ideal Mortgage Bankers Ltd., d/b/a Lend America ("Lend America") and General Motors Acceptance Corporation, a/k/a GMAC Mortgage ("GMAC"), have not appeared in this action, so the Order did not dismiss plaintiffs' claims against them.

On June 13, 2014, plaintiffs appealed to the Second Circuit. ECF No. 32. However, because the Order only resolved plaintiffs' claims against three of the five defendants and I did not direct entry of a partial final judgment under Rule 54(b), the Order is not a final judgment. Accordingly, the Second Circuit does not have jurisdiction to hear the appeal. See 28 U.S.C. § 1291; Richmond v. Nat'l Grid, 539 F. App'x 15, 16 (2d Cir. 2013). Realizing their legal quandary, plaintiffs now ask the Court for permission to file for default judgment against U.S. National,[1] Lend America, and GMAC, as well as for a final judgment against Ocwen and Saxon under Rule 54(b).

As an initial matter, the Court notes that it has jurisdiction to rule on plaintiffs' motions despite their appeal to the Second Circuit. In general, "[t]he filing of a notice of appeal . . . confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S.

---

[1] Plaintiffs' request to file a default judgment motion against U.S. National is likely an error. U.S. National appeared in this action, and the Court dismissed plaintiffs' claims against it. However, to leave no ambiguity in the record, plaintiffs' request to file a default judgment motion against U.S. National is denied.

2

56, 58 (1982). However, filing a notice of appeal from a non-appealable order does not divest the district court of jurisdiction. See United States v. Rodgers, 101 F.3d 247, 251–52 (2d Cir. 1996). Because the May 14 Order is a non-appealable order, this Court retains jurisdiction.

With respect to plaintiffs' request to file motions for default judgment, Lend America and GMAC were served on April 25, 2013 at their respective business addresses, see ECF No. 1, but have not appeared in the action. However, GMAC recently notified the Court via ECF that on May 14, 2012 it filed for bankruptcy in the United States Bankruptcy Court, Southern District of New York. See ECF No. 41 (GMAC Notice of Bankruptcy Status). This created an automatic stay under 11 U.S.C. § 362(a), which stays proceedings against GMAC.

As GMAC explains, the Bankruptcy Court later entered a Final Supplemental Order, which allowed parties to assert claims against GMAC to prevent foreclosure of their properties. The Final Order, however, made clear that automatic stay remained in effect "for relief that if granted, would not terminate or preclude the prosecution and completion of a foreclosure or eviction." Id. Ex. 1, at ¶ 14(b). Plaintiffs' claims fall into this category and therefore remain stayed. See Compl.

GMAC explained all of this to plaintiffs when it notified them of its bankruptcy filing and corresponding stay by certified mail to plaintiffs' attorney on May 31, 2013. Indeed, the letter specifically advised that plaintiffs' claims against GMAC fell outside the scope of the Final Order and that "continued prosecution of the Stayed Claims would violate the automatic stay." See GMAC Notice of Bankruptcy Status, Ex. 2.[2]

---

[2] Plaintiffs' attorney has expressed skepticism regarding GMAC's bankruptcy status. She highlights that the Chapter 11 petition was filed for Residential Capital, LLC and that the petition does not reference GMAC. Moreover she states that GMAC does not appear on the corresponding docket sheet. See ECF No. 36 (Status Report). However, the bankruptcy petition for Residential Capital lists all of the affiliated entities that filed Chapter 11 bankruptcy petitions

3

As plaintiffs' attorney recognizes, Lend America is no longer in business. See ECF No. 36 (Status Report) ¶ 6. Lend America is currently in bankruptcy proceedings: "an involuntary petition pursuant to 11 U.S.C. § 303 was filed against Ideal Mortgage Bankers, Ltd. on November 30, 2010 in the United States Bankruptcy Court for the Eastern District of New York." Franco v. Ideal Mortg. Bankers, Ltd., No. 07-CV-3956, 2011 WL 4345083, at *1 (E.D.N.Y. July 29, 2011) (Tomlinson, Mag. J.), adopted by Franco v. Ideal Mortg. Bankers, Ltd., 2011 WL 4345074 (E.D.N.Y. Sept. 15, 2011) (Seybert, J.); see Ideal Mortg. Bankers, Ltd., Bankr. Pet. No. 8-10-79280 (E.D.N.Y. Bankr.) (Scarcella, J.) (Lend America's involuntary bankruptcy proceedings). The involuntary petition triggered an automatic stay of claims against Lend America. Franco, 2011 WL 4345083, at *2.

The legal ramifications of an automatic stay are clear:

> [T]he automatic stay suspends any non-bankruptcy court's authority to continue judicial proceedings then pending against the debtor. . . . Once a stay is in effect, without relief from the bankruptcy court, the parties themselves cannot validly undertake any judicial actions material to the claim against the debtor. This includes the filing of motions, which are void ab initio, unless the bankruptcy court later grants retroactive relief.

Constitution Bank v. Tubbs, 68 F.3d 685, 691–92 (3d Cir. 1995) (internal quotation marks, citations, and alterations omitted).

As such, plaintiffs are not entitled to move for default judgment against GMAC or Lend America in this Court. Indeed, even if they did and I granted their motion, the judgment would be void. See In re Heating Oil Partners, LP, 422 F. App'x 15, 18 (2d Cir. 2011).

There is another good reason to deny plaintiffs' request to file for default judgment against the non-appearing defendants: for the same reasons set forth in my May 14 Order,

---

in conjunction with the company. GMAC Mortgage, LLC is listed as one such entity. See In re Residential Capital, LLC, Bankr. Pet. No. 12-12020 (S.D.N.Y. Bankr.) (Glenn, J.), Dkt. No. 1, at Annex 1. The Bankruptcy Court consolidated all of the petitions for Residential Capital and its affiliates, including GMAC, on May 14, 2012. See id. Dkt. No. 59. Thus there is no question that GMAC is currently in bankruptcy proceedings and that claims against it are stayed.

4

plaintiffs' claims against Lend America and GMAC are also time-barred and no equitable tolling provisions apply. Although courts generally do not raise a statute of limitations defense sua sponte, they sometimes do so in the context of a default judgment motion if the facts supporting the limitations defense are clear on the face of the complaint. See De Santis v. City of New York, No. 10-CV-3508, 2014 WL 228659, at *5 (S.D.N.Y. Jan. 22, 2014) (Oetken, J.). Here, as detailed in the May 14 Order, it is clear on the face of plaintiffs' complaint that their claims are time-barred. See ECF No. 31. The Court therefore opts to exercise its discretion to sua sponte dismiss the claims against the non-appearing defendants.

Plaintiffs' claims are therefore dismissed against all defendants. As the Court's judgment now applies to all the parties, there is no need for the Court to certify its initial judgment as final pursuant to Rule 54(b).

## CONCLUSION

Plaintiffs' motion for permission to file a default judgment is denied. Plaintiffs' claims are dismissed against Lend America and GMAC. Plaintiffs' claims now being dismissed against all of the parties, the clerk of the court is directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
August 28, 2014

/s/ Judge Raymond J. Dearie
───────────────────────
RAYMOND J. DEARIE
United States District Judge